# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA G. PEREZ, | ) |
| Claimant, | ) No. 16 C 7013 |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Linda G. Perez ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 6.] The parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. [ECF Nos. 18, 25.] For the reasons stated below, Claimant's Motion for Summary Judgement is granted, and the Commissioner's Motion for Summary Judgement is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# I. PROCEDURAL HISTORY

On January 9, 2008, Claimant filed an application for DIB alleging a disability onset date of June 1, 2007. (R. 157.) The claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("the ALJ") in a decision dated January 18, 2012. (R. 150–67.) Claimant filed a request for review with the Appeals Council and, on August 20, 2013, the Appeals Council vacated the ALJ's decision and remanded Claimant's case to the same ALJ. (R. 172–76.) On July 22, 2014, another hearing was held at which Claimant, who was represented by counsel, testified. (R. 37–101.) A medical expert (the "ME") and a vocational expert (the "VE") also appeared and testified. (*Id.*)

On December 17, 2014, the ALJ issued a written decision. (R. 16–36.) In that decision, the ALJ went through the five-step sequential evaluation process and ultimately found Claimant not disabled under the Act. (R. 19–30.) At step one, the ALJ found Claimant had not engaged in substantial gainful activity ("SGA") since June 7, 2008, the alleged onset date, and December 31, 2012, the date last insured. (R. 22.) At step two, the ALJ found Claimant had the severe impairments of adjustment disorder with mixed anxiety and depressed mood, major depressive disorder, diabetes mellitus, hypertension, and obesity. (*Id.*) At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 22–23.)

Before step four, the ALJ found Claimant had the residual functional capacity ("RFC") to perform work at a light exertional level, except that she was limited to simple tasks with no more than occasional changes in the work setting, no interaction with the public in the work setting, and no more than occasional interaction with coworkers and supervisors. (R. 24.) He also found

Claimant could not perform work involving fast-paced production requirements, like those required of an assembly line worker working at an industrial pace. (*Id.*) Finally, at step five, the ALJ found there were jobs that existed in significant numbers in the national economy that Claimant could perform. (R. 28–29.) Specifically, the ALJ found Claimant could work as a bakery racker, shipping and receiving clerk, and cleaner/housekeeper. (R. 29.) Because of this determination, the ALJ found Claimant was not disabled under the Act. (R. 29–30.)

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is

3

deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms*, 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. ANALYSIS

Claimant asserts the ALJ's decision must be reversed because the ALJ: (1) failed to explain the weight he accorded to a consultative examiner; (2) did not support his RFC determination with substantial evidence; (3) failed to explain the weight he gave to the Veteran's Association's Disability Determination; (4) improperly assessed Claimant's credibility; and (5) erred when relying on the testimony of the VE. The Court agrees, for the reasons discussed below, that certain of Claimant's assignments of error have merit and, therefore, this case will be remanded to the ALJ for further proceedings consistent with this Opinion and Order.

**A.    The ALJ Committed Reversible Error When He Failed To Explain The Weight He Accorded Claimant's Consultative Examiner**

Claimant first contends that the ALJ committed reversible error when he failed to explain the weight he accorded to her consultative examiner, Dr. Laura Higdon, Ph.D. The Social Security Administration's "policy regarding the consideration of findings of fact" by State

4

agency consultants is laid out in Social Security Ruling ("SSR") 96-6p. SSR 96-6p, at *1.[2] Under the ruling, an ALJ must treat any findings of fact by State agency consultants, including psychological examiners, regarding the nature or severity of a claimant's impairments, as expert opinion evidence. *Id.* Once the presence of expert opinion evidence has been established, the ALJ "may not ignore th[o]se opinions and must explain the weight given to th[em] in [his] decision." SSR 96-6p, at *1.

Although the ALJ did not explicitly name Dr. Higdon in his decision, he twice referred to her September 2013 Consultative Examination. (R. at 25–27.) In each instance, the ALJ noted that "the examiner" diagnosed Claimant with "moderate" limitations in social functioning. (*Id.*) He further highlighted that Claimant was moderately anxious at the examination and demonstrated a lack of cognitive capacity to perform complex tasks. (R. 25.) Despite his references to these facts, however, the ALJ failed to explain what weight, if any, he accorded Dr. Higdon's opinions. This was in direct contradiction to SSR 96–6p "and leaves no room for doubt that the ALJ" committed a reversible error. *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011). The Commissioner spends much more time in her brief explaining how the ALJ took account of Dr. Higdon's findings and opinion than the ALJ devoted to that topic in her decision. It is, of course, well-settled that the Commissioner cannot cure in her brief an ALJ's failure to address the relevant issues in her decision. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."); *See also Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013).

---

[2] In January 2017, the Social Security Administration published amendments to the regulations. Revisions to the Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 11, 5844–84 (Jan. 18, 2017), available at https://www.gpo.gov/fdsys/pkg/FR-2017-01-18/pdf/2017-00455.pdf#page29. Because these amendments only apply to claims filed on or after March 27, 2017, all references to the regulations and rulings in this opinion refer to the prior version.

In this case, the Court cannot say that the ALJ's failure to take proper account of Dr. Higdon's consultative opinion was harmless error. The district court generally will not remand a case to the ALJ "if it is predictable with great confidence that the agency will reinstate its decision on remand" due to the overwhelming support of the record. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Here, upon review of the record, we cannot confidently make that prediction. Therefore, we cannot say the error was harmless.

The ALJ based his RFC determination and credibility evaluation in part on what he considered Claimant's "controllable" depression evidenced by her ability to perform daily activities. (R. 25–26.) According to the ALJ, the Claimant retained the capacity to engage in SGA because a report from 2010 revealed that she could perform household chores, prepare meals, attend doctor's appointments, and drive a car to the grocery store. (R. 25.) However, at Claimant's consultative examination in 2013, Dr. Higdon opined that Claimant had been depressed "for many years" and continued to show depressive symptoms. (R. 1203.) Notably, she explained that Claimant was fearful of leaving her home, suffered from panic, needed assistance with grocery shopping, and could not travel independently. (R. 1206.) She concluded that Claimant had major depressive disorder that was chronic and severe and recommended that a guardian be appointed to assume responsibility for management of funds if Claimant was awarded benefits. (R. 1204.) Dr. Higdon's opinion appears to be at odds with the ALJ's conclusion about Claimant's RFC. We cannot say that an ALJ on remand who actually factors into his RFC determination Dr. Higdon's opinion, or at least discusses the weight he gives to that opinion, would again decide to deny benefits.

At this point, the Court is not assigning any particular weight to Dr. Higdon's opinion, but, rather, simply concludes that remand is necessary to "mak[e] sure that the ALJ considered

the evidence." *See Walters v. Astrue*, 444 Fed. App'x. 913, 919 (7th Cir. 2011). On remand, the ALJ should carefully consider Dr. Higdon's opinion and determine if it is entitled to controlling weight. If he finds that it is not entitled to controlling weight, he must determine what weight it deserves by applying the relevant regulations. It is possible that, on remand, the ALJ may determine that Dr. Higdon's opinion is entitled to less weight than other medical opinion evidence in the record and reach a similar conclusion. In that event, though, at least the ALJ will have conducted the fulsome analysis the law requires.

**B.    The ALJ Cherry-Picked Favorable Facts From The Evidence**

Another issue related to Dr. Higdon's testimony also justifies remand. Claimant argues the ALJ erred with respect to his consideration of Dr. Higdon's consultative examination when he chose to accept only the portions of the record that were favorable to a negative disability determination. An ALJ need not mention every piece of evidence in his opinion. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). But an ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts by ignoring evidence that points to a disability finding. *Goble v. Astrue*, 385 Fed. App'x. 588, 593 (7th Cir. 2010).

As noted above, the ALJ referenced Dr. Higdon's examination twice in his decision. (R. 25–27.) On both occasions he explained that Dr. Higdon had suggested Claimant demonstrated "moderate" limitations in social functioning. (*Id.*) He went on to detail other evidence that indicates Claimant's mental examination was normal and that she was able to live independently despite "only moderate anxiety" to support his ultimate RFC determination and credibility determination. (*Id.*) Mistakenly, the ALJ did not reference or discuss other information from Dr. Higdon's assessment where Claimant reported that she had been depressed for over twenty years, that her demeanor was "very helpless and hopeless," that her depression impacted her

7

ability to maintain attention and stay on task, and that she had a tendency to "give up" easily. (R. 1203); *see Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (stating that ALJs are not permitted to cherry-pick medical evidence from "mixed results to support a denial of benefits"). The ALJ's failure to discuss evidence contrary to her determination warrants remand because an ALJ cannot cherry-pick evidence. *Scott*, 647 F.3d at 740; *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

In sum, on this record, the Court cannot discern whether the ALJ considered all of Dr. Higdon's findings and conclusions, and why the ALJ decided to give less weight, or no weight, to those aspects of what Dr. Higdon had to say that did not support the ALJ's ultimate conclusion. These errors in weighing properly Dr. Higdon's opinion would affect the Court's analysis of whether substantial evidence supports the ALJ's RFC analysis and his credibility determinations. Therefore, we will not address Claimant's argument that the ALJ erred in those areas of his analysis as well. On remand, however, the ALJ should reconsider those aspects of the analysis after giving full consideration to Dr. Higdon's findings and opinion.

## IV. CONCLUSION

Accordingly, for the reasons stated in the Court's Memorandum Opinion and Order, Claimant's Motion for Summary Judgment [ECF No. 18] is granted and the Commissioner's Motion for Summary Judgment [ECF No. 25] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with the Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 21, 2017